UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BOOKWORLD TRADE, INC., d/b/a
"Bookworld Companies," a Florida corp.,

                Plaintiff,

vs.                                                   Case No.: 8:06-CV-1746-T-27MAP

DAUGHTERS OF ST. PAUL, INC., a
Massachusetts not-for-profit corporation
d/b/a "Pauline Books and Media,"

                Defendant.
_____/

## ORDER

**BEFORE THE COURT** are: 1) Defendant's Motion to Dismiss, or in the Alternative, Motion to Transfer Venue Based on *Forum Non Conveniens* (Dkt. 6), to which Plaintiff has responded in opposition (Dkt. 10); 2) Plaintiff's Motion to Strike Portions of Defendant's Motion to Dismiss (Dkt. 12), to which Defendant has responded in opposition (Dkt. 16); and Plaintiff's Motion to Deposit Funds into Court Registry (Dkt. 3). In partial response to the arguments set forth in Plaintiff's Motion to Strike, Defendant has also filed the supporting affidavit of Sr. Joan Paula Arruda (Dkt. 15), which the Court considers.

*Background*

Defendant removed this action from the Twelfth Judicial Circuit in and for Manatee County, Florida, on September 22, 2006. (Dkt. 1). Plaintiff, a book distributor, entered into an agreement with Defendant, a Massachusetts non-profit corporation and Catholic order of nuns, to distribute certain books published by Defendant. (Dkt. 2, ¶ 7; Aruda Aff. ¶ 1). The parties dispute when this

1

agreement terminated and when Plaintiff's obligations to return inventory and remit profits to Defendant began to run. (Dkt. 2, ¶¶ 9-15).

Plaintiff has brought a breach of contract claim, alleging that Defendant stopped shipping books to it before terminating the agreement and also began contacting Plaintiff's customers directly around the time it provided notice that it was terminating the agreement. (Dkt. 2, ¶¶ 25-30). Plaintiff also alleges that Defendant tortiously interfered with its business relationships with Plaintiff's customers by directing selling its books to these entities. (Dkt. 2, ¶¶ 31-37). Finally, Defendant seeks a declaration as to whether mediation, arbitration, or other negotiations with counsel must be undertaken before litigation is commenced. (Dkt. 2, ¶¶ 22-24).[1]

In the instant motion to dismiss, Defendant argues that the case should be transferred to Massachusetts. For the reasons set forth below, the Court finds that venue is proper in the Middle District of Florida.

### *Rule 12(b)(3) Dismissal*

Defendant initially argues that this cause should be dismissed for improper venue pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure. However, once a defendant removes an action from state court, it may not challenge venue under 28 U.S.C. § 1391(a). *Hollis v. Fla. State Univ.*, 259 F.3d 1295, 1300 (11th Cir. 2001). The proper method by which to challenge venue is pursuant to 28 U.S.C. §1404(a). *Id.*

---

[1] The contract included a paragraph entitled "Legal Action" that requires the parties to take certain steps before commencing a lawsuit. (Dkt. 2 ¶ 16).

## *28 U.S.C. § 1404(a)*[2]

A party seeking transfer of an action under 28 U.S.C. § 1404(a) has the burden of establishing that the suggested forum is more convenient. *In re Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir. 1989). Pursuant to § 1404(a), "the threshold consideration is whether the action 'might have been brought' in the proposed transferee district court." *Windmere Corp. v. Remington Prods., Inc.*, 617 F. Supp. 8, 10 (S.D.Fla. 1985). The Court must then consider the: (1) the convenience of the parties; (2) the convenience of the witnesses; and (3) the interests of justice. *See* 28 U.S.C. § 1404(a). In determining whether the interests of justice will be served, courts weigh various factors, similar to those considered in a traditional *forum non conveniens* analysis, such as: the availability of process to compel presence of unwilling witnesses, the cost of obtaining presence of witnesses, the financial positions of the parties, the relative ease of access to sources of proof, the possibility of a jury view of premises, and "and all other practical problems that make trial of a case easy, expeditious and inexpensive." *Moore v. McKibbon Bros., Inc.*, 41 F. Supp. 2d 1350, 1357 (N.D.Ga. 1998); (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947)). Ultimately, the "plaintiff's choice of forum should not be disturbed unless it is clearly outweighed by other considerations." *Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 260 (11th Cir. 1996).[3]

---

[2] Defendant styles its motion as one for transfer based on *forum non conveniens*, but discusses only 28 U.S.C. § 1404(a). Defendant fails to distinguish the common law doctrine of *forum non conveniens* from 28 U.S.C. § 1404(a), the federal venue transfer statute. *See Am. Dredging Co. v. Miller*, 510 U.S. 443, 449 n.2 (1994) (noting that "the federal doctrine of *forum non conveniens* has continuing application only in cases where the alternative forum is abroad"). The Court therefore analyzes Defendant's motion as a request for relief pursuant to 28 U.S.C. § 1404(a).

[3] Defendant urges reliance on a case stating that an additional consideration under § 1404(a) "is whether a forum can meet the personal jurisdiction and venue requirements for most or all of the defendants." *C.M.B. Foods, Inc. v. Corral of Middle Ga.*, 396 F. Supp. 2d 1283, 1287 (M.D.Ala. 2005). *C.M.B. Foods, Inc.* was not a removal case, and as set forth above, venue is proper in this case by virtue of Defendant's removal to this Court. *See also Ford v. Brown*, 319 F.3d 1302, 1307 (11th Cir. 2003) (noting that a motion made under § 1404(a) assumes that venue is proper). Moreover, Defendant has not argued, or even alleged, that it is not subject to personal jurisdiction

As a threshold matter, the Court finds that the proposed transferee district, Massachusetts, is a district in which the action could have been originally brought. Under 28 U.S.C. § 1391(a), venue is proper in diversity actions in a state where any defendant resides. There is no dispute that Defendant, a Massachusetts non-profit corporation, would be subject to personal jurisdiction in Massachusetts, and that it therefore "resides" in the state. *See* 28 U.S.C. § 1391(c).

In the instant case, both parties argue that venue is proper in their home district based on the presence of their representatives who were involved in the negotiation and performance of the contract as well as the presence of pertinent financial records. (Smith Aff., Dkt. 11; Arruda Aff., Dkt. 15). In addition, Plaintiff states that it does not have an office in Massachusetts, and Defendant states that it does not maintain a facility in Sarasota, Florida. (Smith Aff. ¶ 2; Arruda Aff. ¶ 14).[4] The Court accordingly finds that consideration of convenience to the parties does not weigh in favor of one party over the other.

Neither party has indicated that witnesses other than their own representatives will be required at trial. As such, the court does not weigh the cost and practicality of obtaining non-party witnesses. As to the financial positions of the parties, Defendant is a charitable organization, whereas Plaintiff is a private corporation. However, Defendant has not claimed that the expense of litigation would impact it more than it would Plaintiff, although it does state that the costs would be "extremely burdensome." (Arruda Aff. ¶ 17). On the other hand, the contract at issue is to be interpreted under Florida law (Dkt. 2, Exh. A at 2), which actively weighs in favor of keeping the

---

in Florida, nor has it moved for transfer pursuant to 28 U.S.C. § 1631. *Cf. C.M.B. Foods, Inc.*, 396 F. Supp. 2d at 1285 (Defendant had filed a motion to dismiss for lack of personal jurisdiction).

[4] Plaintiff alleges, based on material from Defendant's website, that Defendant maintains a place of business in Miami, Florida. (Smith Aff. ¶ 8). Without addressing the admissibility of this allegation, the Court notes that it does not suggest venue would be proper in the Middle District of Florida.

action in the instant forum. *See Ford v. Brown*, 319 F.3d 1302, 1307 (11th Cir. 2003) (noting that there is an appropriateness "in having the trial of a diversity case in a forum that is at home with the state law that must govern the case, rather than having a court in some other forum untangle problems in conflict of laws, and in law foreign to itself").

Having balanced the convenience of the parties and the interests of justice, the Court concludes that Plaintiff's choice of forum is not "clearly outweighed by other considerations." *Robinson*, 74 F.3d at 260. Therefore, Defendant's motion to transfer pursuant to 28 U.S.C. § 1404(a) is denied.

### *Motion to Strike and Motion to Deposit Funds*

Plaintiff has moved to strike portions of Defendant's motion to dismiss that refer to the parties' respective performance and communications under the distribution contract. Defendant's belated filing of the affidavit of Sr. Joan Paula Arruda eliminated a number of these objections. Because the Court's consideration of Defendant's motion to dismiss does not implicate the remainder of the portions of Defendant's motion to which Plaintiff objects, the Court denies Plaintiff's motion to strike as moot.

The Court also finds that Plaintiff's request to deposit $67,690.00 into the Court registry is unnecessary. This motion is accordingly denied.

Upon consideration, it is

**ORDERED AND ADJUDGED** that

1)   Defendant's "Motion to Dismiss, or in the alternative, Motion to Transfer Venue Based on Forum Non Conveniens" (Dkt. 6) is **DENIED**;

2)   Plaintiff's Motion to Strike Portions of Defendant's Motion to Dismiss (Dkt. 12) is

**DENIED** as moot;

3) Plaintiff's Motion to Deposit Funds into Court Registry (Dkt. 3) is **DENIED** as unnecessary.

**DONE AND ORDERED** in chambers this 15th day of November, 2006.

                                             _____
                                             **JAMES D. WHITTEMORE**
                                             **United States District Judge**

Copies to:
Counsel of Record

6